IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACEK KAWALEC | ) |
| Poland, | ) |
| Petitioner | ) |
| | ) Case No. 3:14-cv-00917 |
| v. | ) District Judge Campbell |
| | ) Magistrate Judge Bryant |
| KOREEN LYNN MAJESKE, | ) |
| Respondent. | ) |

## ~~PROPOSED~~ CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is **adopted**.

1. JURISDICTION:

The Court has jurisdiction pursuant to The International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11603 (1995) and The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (hereinafter "The Convention").

2. PLAINTIFF'S THEORY OF THE CASE:

Father alleges that LD, the parties' eleven year old son, was a habitual resident of Poland when Mother wrongfully removed LD from his Polish school on November 14, 2013, and brought LD to the United States. Father alleges that no exception under The Convention exists upon which Mother can lawfully retain the child in the United States, and that the child should be promptly ordered returned to Poland. Father alleges the parties were divorced in Poland on April 26, 2013, and there are several post-decree matters presently pending in the Polish Courts regarding custody and visitation over LD. Father alleges the Polish Court has not rendered any judgment granting custody of LD to Mother. Father alleges that the Polish Court is the proper Court to determine the issues of custody and visitation over the minor child.

Father further alleges that the Williamson County, Tennessee, Circuit Court has dismissed Mother's "Petition to Register Foreign Decree and for Enforcement of Foreign Decree" she filed on October 15, 2013, for lack of subject matter jurisdiction, and set aside the two *ex parte* Orders regarding custody of LD that Mother obtained on that date, finding that "because of omissions of fact by Mother, the Court was improper in issuing the Orders and it was improper for the Court to issue the extraordinary relief in the Restraining Order" (See Exhibit 4 to Father's Petition for Return).

3. DEFENDANT'S THEORY OF THE CASE:

Mother alleges that the son being in her care and custody at this time, and at the time Petitioner alleges a wrongful removal, is according to and per the parties' divorce settlement agreement and their Final Decree of Divorce which incorporated their divorce settlement agreement. As an affirmative defense, Mother alleges that Father consented to Mother's exercise of her court-ordered parenting time at the time she took the son back into her care, because he had previously agreed in the divorce proceedings to Mother being the primary custodian. Yet, he now claims she wrongfully removed the child. At the end of Summer 2013, Father violated the parties' Final Decree and prevented Mother from exercising her court-ordered custody rights, and Mother, therefore, filed a Hague petition against Father, in Poland. Mother's Hague case in Poland was pending until April 2014.

For all of these reasons above, Mother alleges there has been no wrongful retention or removal. Mother alleges she has been exercising her court-ordered parenting time and custody rights at all times since the date of the alleged removal on November 14, 2013. Mother alleges that because Father was keeping the child in Poland in violation of the parties' Final Decree of

Divorce, he was not properly exercising parenting time or custody rights at the time of the alleged removal and/or retention, and he was usurping Mother's custody rights.

Further, Mother alleges that Poland is not the child's country of habitual residence and was not the country of habitual residence at the time she allegedly wrongfully removed the child. Mother alleges that the U.S. is the child's country of habitual residence and has been so for years. The parties divorced in Poland, after they agreed to dismiss the U.S. pending divorce action. Mother alleges that the child has been living in the U.S. for several years, including at the time the Final Decree of Divorce was entered in Poland.

Mother alleges that for all of the reasons above, and primarily because Father cannot establish that Poland is the child's country of habitual residence, and he cannot show that Mother wrongfully retained or removed the child, he cannot make a *prima facie* case in support of his Hague petition. Even though Mother alleges that she can rebut Father's *prima facie* case, as an affirmative defense, under Article 13 of the Hague Convention, Respondent would show that the child would object to being returned to Poland. Respondent further alleges that the child is of an age and degree of maturity that it is appropriate to take the child's views into account. Respondent further alleges that the child's older sister lives in the U.S. with Mother and child.

4. IDENTIFICATION OF THE ISSUES:

UNDISPUTED ISSUES:

(a) The parties stipulate that the child is under the age of 16.

(b) The parties stipulate that Petitioner's Hague petition was filed within one year of his alleged date of wrongful removal and/or retention.

(c) The parties stipulate that both Poland and the U.S. are signatories to the Hague Convention.

(d) The parties stipulate that the parties divorced by a Judgment entered in Poland on April 26, 2013.

(e) That Mother is not pleading the affirmative defense that the child would face grave danger of physical or psychological harm if returned to Poland.

(f) That Mother is not pleading the affirmative defense that the child would be denied basic human rights and fundamental freedoms if returned to Poland.

DISPUTED ISSUES:

(g) Whether there is any court order that modifies the parties' divorce Judgment.

(h) Whether prior to the child's alleged removal and/or retention, the child was habitually resident in the U.S. or Poland.

(i) Whether the child's removal and/or retention breached Father's custody rights.

(j) Whether Father had rights of custody over the child at the time of the alleged wrongful removal/retention.

(k) Whether the child's removal and/or retention was wrongful.

(l) Whether Father was actually exercising court-ordered custody rights at the time of the alleged removal.

(m) Whether the child objects to returning to Poland.

(n) Whether the child is of an age and degree of maturity that it is appropriate to take the child's views into account.

(o) Whether Father has consented or acquiesced to the child remaining in the

(p)     U.S.

(p)     Whether the Court should still order a return of the child even if the Court finds that the child objects to returning to Poland and is of an age and degree of maturity that it is appropriate to take the child's views into account.

(q)     Whether Father's documents related to his application to the U.S. Central Authority; Mother's documents related to her application to the Polish Central Authority; Father's Petition filed with this Court; or Mother's Hague Petition filed in Poland need not be technically authenticated pursuant to 42 U.S.C. § 11605.

(r)     Whether the Court may take judicial notice of Polish Law on the topic of custody and parenting rights pursuant to divorce, under Article 14 of the Hague Convention, which states as follows:

> The judicial or administrative authorities of the requested State [the United States] may take notice directly of the law of, and of the judicial or administrative decisions, formally recognized or not in the State of the habitual residence of the child [Poland], without recourse to the specific procedures for the proof of that law or for the recognition of foreign decisions which would otherwise be applicable.

5.     NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER RULES 13-15, 17-21, AND RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE: The parties do not anticipate any issues to arise under Rules 13-15-, 17-21, or Rule 23 of the Federal Rules of Civil Procedure.

6.     WITNESSES. The parties identify the following witnesses:

For the Petitioner: Father may proffer an expert witness on Polish law, although an expert witness has not yet been identified. At the present time, Father does not intend to call any

other witnesses other than himself; however, Father may determine it necessary to call any of the following witnesses:

Petitioner

Respondent

Child's brother J.P.K.

Child's brother N.D.K.

Child's brother K.E.K.

Stephen Majeske

For the Respondent:

Petitioner

Respondent

Respondent's Husband, Stephen Majeske

Child

Child's sister

Dawid Biernat

Should Respondent or Petitioner determine that he or she will call anyone else, this list will be promptly supplemented to counsel for the other party. Mother may proffer a rebuttal expert witness, should Father provide notice of his expert witness on Polish law.

7. INITIAL DISCLOSURES AND DISCOVERY:

(a) Initial Disclosures: The parties will exchange their initial disclosures on or before __May 9__, 2014.

(b) Should the parties choose to request additional documents or tangible evidence or propound any interrogatories to the other party, these

discovery requests shall be made no later than May 14, 2014. Responses shall be due on or before May 28, 2014.

(c) Completing All Discovery: The parties shall complete all written fact discovery and depositions on or before June 11, 2014. Should the parties elect to take depositions, both parties agree that video depositions (such as Skype) will be used for any deponent located outside the U.S. and that such deposition transcript may be submitted as evidence at trial, in the event said witness is unavailable for trial.

(d) Discovery-Related Motions: fact Discovery-related motions are due on or before June 16, 2014. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

(e) Expert Disclosures (Rule 26)

 (i) Petitioner's Rule 26(a)(2) expert witness disclosures ~~and reports~~ shall be served by May 30, 2014, and reports served by June 11, 2014.

 (ii) Respondent's Rule 26(a)(2) expert witness disclosures ~~and reports~~ shall be served by May 21, 2014, and reports served by May 28, 2014.

 (iii) Expert depositions shall be completed no later than June 20, 2014.

8. DISPOSITIVE MOTIONS:

The parties do not anticipate the filing of dispositive motions.

Page -7-

9. OTHER DEADLINES:

The parties incorporate herein by reference the Court's Order entered on April 14, 2014 [Docket Entry No. 13] regarding the pretrial and trial deadlines, specifically:

- (a) Counsel shall appear for a Pretrial Conference on June 16, 2014, at 12:00 p.m.
- (b) Counsel shall submit a Joint Proposed Pretrial Order by June 9, 2014.
- (c) Counsel shall submit witness lists, except for witnesses solely for impeachment, by June 9, 2014.
- (d) Counsel shall submit exhibit lists, except for documents solely for impeachment, by June 9, 2014.
- (e) Counsel shall submit stipulations by June 9, 2014.
- (f) By June 2, 2014, the parties shall file any motions *in limine* and any motions objecting to expert testimony.
- (g) Any responses to motions *in limine* or any motions objecting to expert testimony shall be filed by June 9, 2014.

10. SUBSEQUENT CASE MANAGEMENT CONFERENCE:

The parties do not anticipate the need for a subsequent case management conference at this time, since this matter is set for trial on July 1, 2014. If the need for a follow-up case management conference should arise, either party may request a subsequent case management conference, and it shall occur by telephone with Petitioner's counsel initiating the call.

19372N:140462:1049881:1:NASHVILLE

11. ALTERNATE DISPUTE RESOLUTION:

The parties do not believe mediation would be helpful at this time, but they intend to reconsider the advisability of mediation after some discovery is conducted. The parties, however, are not able to set a timeframe for settlement at this time.

12. TARGET TRIAL DATE: Trial has been set in this matter for July 1, 2014. [See Docket Entry No. 13]

It is so ORDERED.

ENTERED this the 5th day of May, 2014.

John Bryant
JOHN S. BRYANT
U.S. MAGISTRATE JUDGE

APPROVED FOR ENTRY:

*s/ Rebecca K. McKelvey*
Rebecca K. McKelvey (#025562)
Gregory D. Smith (Sup. Ct. No. 011684)
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219-2376
(615) 782-2200
Rebecca.mckelvey@stites.com
Gregory.smith@stites.com

*Attorneys for Respondent/Mother*


*s/ Lucie K. Brackin (w/permission)*
C. Suzanne Landers (#11425)
Lucie K. Brackin (#022031)
THE LANDERS FIRM
65 Union Avenue, Ninth Floor
Memphis, Tennessee 38103
(901) 522-1010
suzanne@landersfirm.com
lbrackin@landersfirm.com

*Attorneys for Petitioner/Father*